**Billor JALLOH, Petitioner,**

v.

**Eric H. HOLDER Jr.\*, Attorney General, Respondent.**

**No. 08–0762–ag.**

United States Court of Appeals, Second Circuit.

March 27, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

Matthew J. Harris, of Counsel to Eric A. Wuestman, Brooklyn, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division; Blair T. O'Connor, Senior Litigation Counsel; Jessica E. Sherman, Trial Attorney, U.S. Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. ROSEMARY S. POOLER and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Billor Jalloh, allegedly a native and citizen of Sierra Leone, seeks review of a January 18, 2008 order of the BIA affirming the January 30, 2006 decision of Immigration Judge ("IJ") Jeffrey S. Chase denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Billor Jalloh,* No. A79 300 614 (B.I.A. Jan. 18, 2008), *aff'g* No. A79 300 614 (Immig. Ct. N.Y. City, Jan. 30, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both the BIA's and IJ's opinions—or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA. *See Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). Questions of law and the application of law to undisputed fact are reviewed *de novo. See id.; see also Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

■ We conclude that the BIA did not err in affirming the IJ's adverse credibility determination. The IJ found that Jalloh's testimony at his asylum hearing was inconsistent with his first asylum application. Jalloh testified that the rebels who attacked his village fled when ECOMOG soldiers arrived and that the ECOMOG soldiers then took him and his family to Guinea in trucks. In his first asylum application, however, Jalloh stated that his family "escape[d]" from the rebels and "arrive[d] in Guinea on the 11th August 2000,

after walking through bushes in Koinadugu to Guinean border in Faranah." Asylum Application at 5. Contrary to Jalloh's argument, the BIA appropriately rejected his explanation that his first asylum application contained errors because it was prepared by a non-lawyer and they did not understand each other very well. As the BIA observed, when the IJ asked Jalloh to identify the mistakes in his first asylum application, he testified that there were none. Thus, the BIA properly found that the inconsistencies identified by the IJ could not be explained by any misunderstandings between Jalloh and the preparer of the first asylum application. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005) (observing that "petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony" (emphasis in original) (internal quotation marks omitted)).

■ The BIA also properly affirmed the IJ's findings that Jalloh's first passport was altered and that his second passport was fraudulent. As he did before the BIA, Jalloh argues that the IJ should have had the second passport examined by the government forensic lab rather than finding that document fraudulent "simply on his own opinion and speculation despite not being an expert himself on Sierra Leone documents." Petitioner's Br. at 11. The BIA found this argument unavailing, noting that the IJ's finding was based on Jalloh's own testimony that he paid a friend $500 for the second passport, "as well as the respondent's attorney's admission that the passport was not obtained through proper channels." *In re Jalloh,* No. A79 300 416, at 3 (B.I.A. Jan. 18, 2008).

Moreover, contrary to Jalloh's argument, an IJ may properly find that a particular piece of evidence is fraudulent based on his or her own observations. *See Siewe v. Gonzales,* 480 F.3d 160, 169 (2d Cir.2007). We will reject an IJ's deductions regarding the authenticity of a document "only when there is a complete absence of probative facts to support it." *Id.* at 168. Here, the IJ's finding that the second passport was fraudulent was based on record facts. As stated above, Jalloh testified that he paid a friend for the passport. In addition, the IJ found that a letter purportedly from the Sierra Leone government, which Jalloh submitted to authenticate his passport, was also fraudulent. This finding was based on his observation that the letterhead incorrectly referred to Sierra Leone's "Immigrations Department" as the "Immigration Department." We thus accord deference to the IJ's finding. *See id.*

An asylum applicant's failure to corroborate his or her testimony may render him unable to rehabilitate testimony that has already been called into question. *See Xiao Ji Chen v. U.S. Dep't. of Justice,* 471 F.3d 315, 341 (2d Cir.2006). Here, Jalloh failed to submit credible testimony or corroborating evidence as to his identity. *See Borovikova v. U.S. Dep't. of Justice,* 435 F.3d 151, 161 (2d Cir.2006) (affirming an IJ's adverse credibility determination based on the IJ's findings that the petitioner presented a false birth certificate, offered inconsistent written statements, and gave contradictory testimony). Accordingly, the BIA did not err in concluding that Jalloh's claim "lack[ed] veracity [and could] not satisfy the burdens of proof and persuasion necessary to establish eligibility for asylum and withholding of removal." *In re Jalloh,* No. A79 300 614, at 2 (B.I.A. Jan. 18, 2008); *see* 8 U.S.C. § 1252(b)(4)(B).

We find no support for Jalloh's argument that the IJ ignored other documents in the record establishing his identity, namely, a letter from his father.[1] Indeed, we will generally "presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise." *Xiao Ji Chen,* 471 F.3d at 338 n. 17. Here, the record does not compellingly suggest that the IJ did not consider the letter, which, in any event, contains no details regarding Jalloh's claim and does not indicate that he is a Sierra Leonean citizen. Accordingly, we do not find that the IJ improperly failed to consider the letter.

Because the only evidence of a threat to Jalloh's life or freedom depended upon his credibility, the adverse finding on this point necessarily precludes success on his claims for asylum, withholding of removal, and CAT relief as all three claims were based on this same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156–57 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.

---

1. While Jalloh refers to two letters from his father in his brief to this Court, the record contains only one. Because Jalloh does not assert that the record is deficient, or that the agency committed error by failing to include his father's November 2002 letter in the record, we consider his argument only with respect to the March 2003 letter.